## 57233. BAIER CORPORATION et al. v. WYNNE.

WEBB, Presiding Judge.

This is an action by Mrs. Wynne upon an installment note executed in conjunction with her sale of land to the appellants. In order to develop the property ahead of the repayment schedule appellants anticipated that they would need to obtain release of the property from the accompanying security deed, but Mrs. Wynne did not wish to recognize the gain for tax purposes which would result from the prepaying of the installments. Accordingly the parties negotiated with respect to a provision concerning the release of property upon the substitution of collateral, and, again for tax reasons, Mrs. Wynne would not agree to letters of credit as substitute collateral.

Under the release provisions as finally incorporated into the security deed, Mrs. Wynne agreed to release property upon delivery to her of other collateral "of the type. . . stated hereinafter," viz., certificates of deposit in a national bank, certain types of marketable securities, and surety bonds, the value of which was to exceed by stated percentages the value for substitution purposes of the property to be released. Letters of credit were not included.

Subsequently appellants requested that Mrs. Wynne release a portion of the property and accept a letter of credit as substitute security for that portion of the debt, and by appellants' countersigning a letter prepared by Mrs. Wynne's attorney it was agreed that she would accept the letter of credit and deliver the release instruments "on the following terms and conditions: (1)

That the provisions of the security deed remain in full force and effect without modification, notwithstanding Mrs. Wynne's acceptance of the letter of credit, and Mrs. Wynne does not waive her right to require collateral as therein specified, except that she will not require other collateral as long as the letter of credit is effective; and (2) That you will furnish other collateral under the provisions of the security deed in exchange for the letter of credit on or before [the expiration of the letter of credit] unless Mrs. Wynne, at her option, elects to accept another letter of credit. A failure to furnish other collateral by such date shall constitute a default under the security deed."

The letter of credit was subsequently replaced and its replacement amended on several occasions to extend the expiration date. In addition, another letter of credit was obtained from another bank to release the remainder of the property. On each of these occasions the letter of credit was accepted by Mrs. Wynne upon written agreement of appellants to substantially the same conditions as stated above, viz., that the provisions of the security deed as to substitute collateral remained in full force and effect notwithstanding her acceptance of the letters of credit.

Subsequently appellants failed to provide the substitute collateral as specified in the security deed, and defaulted on their obligations under the note. This suit on the note followed, and the trial court granted Mrs. Wynne's motion for summary judgment.

Appellants rely upon the following exculpation clause in the security deed: "In the event of a default after the complete substitution of collateral, as provided herein, the grantee shall look solely to the said substituted collateral as security for the purchase money indebtedness and shall, in no event, seek any judgment or deficiency judgment against grantor for the payment of said debt."

We think it clear that there had been no substitution of collateral as provided for in the security deed, and the unilateral "understanding" of appellants to the contrary does not vary or alter those provisions. "Their understanding is of little consequence unless the other party also understood it." *Atlanta Street R. Co. v. City of*

*Atlanta,* 66 Ga. 104, 109 (1880). Mrs. Wynne did not understand that she was waiving her right to the security of the collateral specified in the security deed, and the trial court properly granted her motion for summary judgment.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED FEBRUARY 5, 1979 — DECIDED MARCH 13, 1979.

*Heyman & Sizemore, William H. Major, William B. Brown,* for appellants.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, George B. Haley, Thomas C. Harney, Mary Louise Westmoreland, Smith, Cohen, Ringel, Kohler & Martin, Robert W. Beynart, Kenneth L. Millwood,* for appellee.